UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CHARLES CHANDLER,            :
      Plaintiff,            :
                     :
      v.            :     File No. 1:09-CV-60
                     :
KEITH CLARK, WINDHAM COUNTY   :
SHERIFF'S DEPARTMENT,         :
CHRISTOPHER LORA,             :
VERMONT STATE POLICE,         :
      Defendants.            :

OPINION AND ORDER
(Papers 7 and 10)

This case arises out of events that took place at the Windham County Courthouse on August 20, 2008. Plaintiff Charles Chandler, currently proceeding *pro se*, claims that as he was leaving the courthouse State Trooper Christopher Lora assaulted him, conducted an unlawful arrest and placed him in a holding cell. Chandler's complaint sets forth claims against Trooper Lora, the Vermont State Police, the Windham County Sheriff's Department, and Windham County Sheriff Keith Clark.

Pending before the Court are the defendants' motions to dismiss. For the reasons set forth below, the motion to dismiss Sheriff Clark and the Windham County Sheriff's Department (Paper 10) is GRANTED, and the motion to dismiss Trooper Lora and the Vermont State Police (Paper 7) is GRANTED in part and DENIED in part.

<u>Factual Background</u>

For the limited purpose of ruling upon the pending motions to dismiss, the facts alleged in the complaint will be accepted as true. Chandler alleges that on August 20, 2008, he and Trooper Lora were at the Windham County Courthouse in Brattleboro, Vermont, where Chandler was defending a traffic ticket issued by Lora. Lora allegedly became angry during Chandler's questioning, whereupon the "Judge stopped the hearing and took verbal statements from both parties instead of the normal examination or cross examination of witnesses." (Paper 1 at 2).

After the hearing, Chandler tried to exit the courthouse. He "got as far as the door when Mr. Lora grabbed Charles from behind and pushed him into [Chandler's friend Faye Ainsworth] and the doors. Mr. Lora was <u>very angry</u> and he was pushing Charles and twisting his arms. Mr. Lora got his face near the back of Charles' head and said, 'What did you say?'" <u>Id.</u> at 3 (emphasis in original). Chandler allegedly responded by telling Lora that he had no right to touch him.

Lora then placed Chandler under arrest. When Chandler asked why he was being arrested, Lora claimed that Chandler had sworn. Chandler alleges in his complaint that he "never swore nor did he say anything to Mr. Lora until after Mr. Lora attacked him." <u>Id.</u>

Chandler claims that he did not resist the arrest. Nonetheless, he was placed in a jail cell with his hands cuffed behind his back "cutting off the circulation and crushing his wrists because the handcuffs were clamped on to [sic] tight." Chandler claims that he asked a Windham County Deputy Sheriff to loosen the handcuffs, but the "Deputy smiled, and refused to loosen the handcuffs causing further injury . . . ." Id. at 4.

Once released, Chandler went to an emergency room for treatment of his injuries. He also allegedly received two months of physical therapy for his wrists and hands.

The complaint sets forth eight claims for relief. The first is brought against Sheriff Clark "because he occupied the official capacity of the Sheriff of Windham County." (Paper 1 at 4). In that capacity, Clark is alleged to have caused injury "by and through his deputies." As to the deputies themselves, who are not individually named, Chandler claims that they violated his First Amendment right to petition the government for redress of grievances when they failed to respond to his request for help.

Count two alleges that Sheriff Clark, again "by and through his Deputies," acted to "seize the Plaintiff's image, embarrass, humiliate, Harass [sic], Intimidate [sic], and deliberately inflict emotional and physical injury upon the Plaintiff which he succeeded in doing." Id. at 5. The complaint's third count

alleges that Sheriff Clark violated Chandler's right to equal protection when he "allowed his deputies and defendant Lora to assault and batter and torture . . . ."  Id.

Counts four, five and six are brought against Trooper Lora. In count four, Chandler claims that Lora "inflicted physical and emotional harm" through his own actions and with the aid of Windham County deputies.  Chandler also repeats his First Amendment claim, apparently connecting Lora to the deputies' refusal to loosen the handcuffs.  Count five reiterates Chandler's claims of "seizing" his image, embarrassment, humiliation, harassment, intimidation, and deliberate infliction of emotional and physical injuries.  The final claim against Lora, set forth in count six, claims that Lora violated his right to equal protection.

The final two causes of action in the complaint are brought against the Windham County Sheriff's Department and the Vermont State Police, respectively.  Both claims allege vicarious liability for the conduct of individual officers, as well as a conspiracy that, if proven, would render both agencies liable under the Racketeering Influenced and Corrupt Organizations Act ("RICO").

Discussion

I.    <u>Motion To Dismiss Standard</u>

The defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  As such, their motions test the legal rather than the factual sufficiency of Chandler's complaint.  <u>See</u>, <u>e.g.</u>, <u>Sims v. Artuz</u>, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'") (quoting <u>Chance v. Armstrong</u>, 143 F.3d 698, 701 (2d Cir. 1998)).  Accordingly, the Court must accept the factual allegations in the complaint as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and draw all reasonable inferences in favor of the plaintiff.  <u>Bolt Elec., Inc. v. City of New York</u>, 53 F.3d 465, 469 (2d Cir. 1995).

The Supreme Court has held that the standard governing a complaint's legal sufficiency is one of "plausibility." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556-60 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)

5

(citing Twombly, 550 U.S. at 556). This standard does not require a probability of liability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings drafted by a *pro se* party must be liberally construed. Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006).

II. Sheriff Defendants' Motion to Dismiss

Sheriff Clark and the Windham County Sheriff's Department (collectively "Sheriff Defendants") submit several potential grounds for dismissal. Their first argument is that any claims against the Department, and against Clark for damages in his official capacity, are barred by the Eleventh Amendment. Second, they contend that a § 1983 claims does not lie against Clark because the complaint does not allege that he was personally involved in, or aware of, unconstitutional conduct. Third, they argue that there can be no claim against Windham County because the conduct alleged in the complaint was not the result of an official policy. Finally, they submit that Chandler has failed to state a valid RICO claim. The Court will address each of these arguments in turn.

A. Eleventh Amendment

The Eleventh Amendment of the United States Constitution prohibits suits brought in federal court by citizens against a state and its agencies, absent a waiver of immunity and consent

6

to suit by the state or a valid abrogation of constitutional immunity by Congress. See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-47 (1993); Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 97-100 (1984). The Eleventh Amendment also bars claims for damages brought against state employees sued in their official capacities. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Pennhurst, 465 U.S. at 102. Relevant to this case, there has been no waiver of the State's sovereign immunity and no abrogation of that immunity by Congress. In fact, the Vermont legislature has specifically preserved the State's immunity under the Eleventh Amendment. See 12 V.S.A. § 5601(g).

With respect to the Sheriff Defendants' motion to dismiss, the first question is whether the Eleventh Amendment applies. In Huminski v. Corsones, the Second Circuit considered whether a Vermont Deputy Sheriff acting in his official capacity is a state official entitled to sovereign immunity, or whether the position is local in nature. 396 F.3d 53, 70-74 (2d Cir. 2005). The test for "[w]hether a defendant is a state or local official depends on whether the defendant represented a state or a local government entity when engaged in the events at issue." Id. at 70 (citing McMillian v. Monroe County, 520 U.S. 781, 785-86 (1997)).

The Huminski court reviewed the applicable Vermont statutes and found that a Sheriff has powers that extend statewide, may utilize all state services available to the towns within his or her county, and is accountable to the State for the department's finances. Id. at 71-72 (citations omitted). The court also noted that the Sheriff's Department was provided court security by means of a contract with the State. Based upon this review, and particularly the "most important factor in this inquiry: [that the Sheriff] has authority to investigate the State of Vermont's criminal law," the Second Circuit stated that the defendant was "likely a state official when he was performing his general duties for the sheriff's department . . . ." Id. at 73.

As in Huminski, the activities of the Sheriff's Department in this case related to safety and security at a Vermont district court. The Second Circuit's reasoning in Huminksi is thus applicable here. Because Clark was "likely" a state official when performing his duties, both he and the Windham County Sheriff's Department are "likely" entitled to the protections of the Eleventh Amendment under the narrow facts of this case. Id. Even without such immunity, however, Chandler's claims against Sheriff Clark and the Sheriff's Department lack legal merit, as explained below.

B.  Personal Involvement of Sheriff Clark

The Sheriff Defendants next argue that any claims against Sheriff Clark must be dismissed because there is no allegation that Clark was personally involved in any wrongdoing.  Indeed, there is no allegation that Clark was present while Chandler was incarcerated.  Instead, the allegations are brought against Clark in his role as commander and, presumably, supervisor of the deputy in question.

If a defendant is being sued under § 1983 as a supervisory official, a mere "linkage" to unlawful conduct is insufficient.  See Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).  Rather, supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) were grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of the plaintiff by failing to act on information indicating that the violation was occurring.  Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (supervisor liability under § 1983 cannot rest upon *respondeat superior*); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

The recitation of facts in the complaint makes no reference to Clark whatsoever. It is only in the "claims for relief" that Chandler alleges Clark "allowed his Deputies to torture or inflict physical harm upon the Plaintiff," and that "Defendant Clark injured the Plaintiff by and through his deputies which he is responsible and liable for." (Paper 1 at 4). Noticeably absent from these allegations is any claim of direct participation, or that Clark was even aware of the treatment Chandler allegedly received while incarcerated. Furthermore, the complaint does not allege that a policy or custom was responsible for Clark's deputy allegedly ignoring Chandler's discomfort, and there is no indication that Clark was grossly negligent in managing his subordinates. See Curley v. AMR Corp., 153 F.3d 5, 13 (2d Cir. 1998) (quoting AT&T Co. v. City of New York, 83 F.3d 549, 556 (2d Cir. 1996) (stating that gross negligence is conduct that "evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing"). Chandler's first claim for relief, brought solely against Sheriff Clark, is therefore DISMISSED.

C.    Municipal Liability

Assuming, for the sake of argument, that Eleventh Amendment immunity does not apply, Chandler's claims against the Windham County Sheriff's Department would instead be barred as a matter of municipal law. Chandler alleges that the Sheriff's Department

"is responsible for all of its officers" and is therefore liable for damages under § 1983. It is well established, however, that municipalities and other local governments cannot be held liable under § 1983 for the actions of their employees under a *respondeat superior* theory. Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997). Furthermore, such entities will only be liable if the challenged action was performed pursuant to a policy or custom that caused the plaintiff's injury. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995).

A single incident involving an employee below the policy-making level is insufficient to support an inference of a municipal custom or policy, Vann v. City of New York, 72 F.3d 1040, 1050 (2d Cir. 1995) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)), absent factual allegations "tending to support, at least circumstantially, such an inference." Zahra, 48 F.3d at 685. "In particular, a complaint alleging that a municipality was 'deliberately indifferent' to the need to train, monitor, or supervise an officer, but not alleging any facts beyond the specific instance giving rise to the complaint, generally fails to adequately to [sic] plead a custom or policy on the part of the municipality." Brewster v. Nassau County, 349

F. Supp. 2d 540, 549 (E.D.N.Y. 2004) (citing Dwares v. City of New York, 985 F.2d 94, 101 (2d Cir. 1993); Sarus v. Rotundo, 831 F.2d 397, 402 (2d Cir. 1987)).

In this case, Chandler does not contend that any of the alleged constitutional deprivations were caused by, or occurred pursuant to, an official custom or policy of Windham County or its Sheriff's Department.  Instead, he alleges a single incident in which a Deputy Sheriff declined to loosen his handcuffs.  He makes no allegation of "a recurring pattern," or that this deputy or practice had been "the subject of complaints," Brewster, 349 F. Supp. 2d at 549, submitting only that the Department "is responsible for all of its officers."  (Paper 1 at 7).  Because he has failed to allege facts that would establish municipal liability, and accepting that either the Eleventh Amendment or municipal law is applicable here, the motion to dismiss Chandler's § 1983 claims against the Windham County Sheriff's Department is GRANTED.

    D.   RICO Claim

In addition to constitutional claims, Chandler accuses the Sheriff's Department of violating the RICO statute, 18 U.S.C. § 1961 et seq.  Specifically, Chandler claims that Clark and his deputies acted "jointly and corruptly to deny the Plaintiff his constitutional rights" in violation of 18 U.S.C. § 1951, and §§ 1962-64.  This claim lacks legal merit.

First, 18 U.S.C. § 1951 *et seq.*, also known as the "Hobbs Act," is exclusively a criminal statute and provides no right of action for private citizens. John's Insulation Inc. v. Siska Constr. Co., 774 F. Supp. 156, 163 (S.D.N.Y. 1991); see also Bajorat v. Columbia-Breckenridge Dev. Corp., 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996) (collecting cases holding that the Hobbs Act and other criminal statutes do not allow for a private right of action). Accordingly, any claim brought under this statute is DISMISSED.

In order to state a RICO claim, Chandler must satisfy seven elements: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983) (citing 18 U.S.C. § 1962(a)-(c)). Instead of two or more acts that would arguably constitute some sort of pattern, the facts alleged here involve a single act of indifference by a Sheriff's Deputy. Accordingly, Chandler's RICO claim against the Sheriff's Department must also be DISMISSED.

III. <u>State Defendants' Motion to Dismiss</u>

    A.   <u>Eleventh Amendment</u>

Defendant Lora and the Vermont State Police (collectively "State Defendants") have also moved to dismiss. The State Defendants also argue that all claims against the Vermont State Police and any claims for compensatory damages against Trooper Lora in his official capacity are barred by the Eleventh Amendment. As the Vermont State Police is a state agency, Eleventh Amendment immunity applies and all claims brought against it are DISMISSED. <u>See</u> <u>Northern Ins. Co. of N.Y. v. Chatham County, Ga.</u>, 547 U.S. 189, 193 (2006).

While the Eleventh Amendment does not bar a claim for prospective injunctive relief against a state official in his official capacity, <u>see</u> <u>Frew v. Hawkins</u>, 540 U.S. 431, 437 (2004) (citing <u>Ex Parte Young</u>, 209 U.S. 123 (1908)), no such relief is sought from defendant Lora. Accordingly, Chandler's official capacity claims against Lora are also DISMISSED.

    B.   <u>RICO Claim</u>

The State Defendants also assert essentially the same argument set forth by the Sheriff Defendants with respect to Chandler's RICO claims. As with the Sheriff Defendants, Chandler has failed to allege a pattern of activity by state actors that would constitute a RICO claim. This claim is therefore DISMISSED.

C.  Equal Protection Claim

The State Defendants next argue that Chandler has failed to state a valid equal protection claim.  An equal protection claim must set forth two elements: (1) that the plaintiff was treated differently than others similarly situated, and (2) that this differential treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.  Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 234 (2d Cir. 2004); Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000).  A plaintiff need not necessarily show that he is a member of a particular protected group, so long as he alleges that he has been "treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Chandler has not set forth any facts about "others similarly situated."  Nor has he alleged facts sufficient to state a claim of discriminatory intent.  While he charges defendant Lora with conduct that, if proven true, may have been unconstitutional, there is no support in the complaint for a claim that his treatment was "differential" in any way.  Chandler's equal protection claim is, therefore, DISMISSED.

D.   <u>First Amendment Claim</u>

In count four, Chandler accuses Lora of inflicting physical and emotional harm and of denying him his right to petition the government for redress.  This latter claim is brought under the First Amendment.  Chandler's specific claim is that he was "prohibited" from complaining to a Sheriff's Deputy that Lora "had in fact, 'Assaulted and Battered him,' . . . ."  (Paper 1 at 6).  The State Defendants characterize this allegation as a claim that Lora frustrated Chandler's right to bring a criminal prosecution.  Chandler has not responded with either a clarification or a contrary characterization.

It is not clear from the complaint how Lora would have barred Chandler from filing a complaint against him.  Even assuming such interference, however, "a private citizen does not have a constitutional right to bring a criminal complaint against another individual."  <u>Price v. Hasly</u>, 2004 WL 1305744, at *1 (W.D.N.Y., June 8, 2004) (citing <u>Leeke v. Timmerman</u>, 454 U.S. 83 (1981); <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614 (1973)); <u>Rzayeva v. United States</u>, 492 F. Supp. 2d 60, 87 (D. Conn. 2007)).  Consequently, there was no constitutional violation, and Chandler's First Amendment claim is DISMISSED.

E.   <u>Harassment, Intimidation and Image Seizure</u>

Count five of the complaint claims that Lora acted to "seize the Plaintiff's image, humiliate, harass, intimidate, and

deliberately inflict emotional injury upon Plaintiff." Chandler's sole legal citation in this cause of action is to 42 U.S.C. § 1983. None of these claims, however, allege unconstitutional conduct.

Specifically, Chandler fails to set forth any facts to explain his "image seizure" claim, either in his complaint or in response to the State Defendants' motion to dismiss. The Court is therefore left to guess what facts might have arisen that would have constituted a "seizure" of Chandler's image. Even giving the complaint the required liberal reading and making all inferences in the plaintiff's favor, no such facts are apparent.

Chandler's claims of harassment and intimidation, while perhaps factually supported, do not fall within the purview of § 1983. See Calderon v. Wheeler, 2009 WL 2252241, at *13 (N.D.N.Y. July 28, 2009) ("42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse.") (citing Alnutt v. Cleary, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996)); see also Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (stating that "verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983"). Similarly, Chandler's claim that he was humiliated does not rise to the level of a constitutional claim. See, e.g.,

Caldarola v. City of Westchester, 142 F. Supp. 2d 431, 441
(S.D.N.Y. 2001) (no constitutionally protected interest in being
free from reputational injury).  Count five is therefore
DISMISSED.

      F.    <u>Fourth Amendment Claim</u>

      Chandler's remaining federal claim is his allegation that
Lora used excessive force.  Although Chandler alleges that Lora's
conduct violated his equal protection rights, the State
Defendants submit that the claim is more appropriately analyzed
under the Fourth Amendment.  (Paper 7 at 4) (citing <u>Graham v.
Connor</u>, 490 U.S. 386, 394 (1989); <u>Jennejahn v. Village of Avon</u>,
575 F. Supp. 2d 473, 482 (W.D.N.Y. 2008)).  Applying a Fourth
Amendment analysis, the State Defendants contend that Lora's
alleged misconduct did not rise to the level of a constitutional
claim.  In the alternative, they argue that "Chandler should be
required to give a more definite statement, specifying the extent
of any claimed injuries, identifying the charges brought and
describing the status of those charges."  (Paper 7 at 6).

      The Fourth Amendment prohibits police officers from using
excessive force when arresting criminal suspects.  The test for
determining excessive force requires the Court to balance the
extent of the force used against the countervailing government
interests at stake.  <u>Graham</u>, 490 U.S. at 396 (1979).  The test is
one of objective reasonableness, "judged from the perspective of

a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," and depends on factors such as (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. See id.

In this case, accepting the facts alleged in the complaint as true, there may not have been a "crime at issue," as Chandler contends that he did nothing to provoke Lora's attack.  The complaint also suggests that Chandler posed no immediate threat to Lora or others at the courthouse.  Consequently, it is not clear that the force applied was reasonable.

The State Defendants argue that the harm to Chandler was *de minimis*.  They compare this case to the facts in Jennejahn v. Village of Avon, 575 F. Supp. 2d 473 (W.D.N.Y. 2008), where the plaintiff was arrested for harassing his neighbors.  In the course of the arrest, a police officer grabbed the plaintiff's arm, "spun him around, released his arm and forcefully grabbed his shoulders," pushed him into a stove and frisked him.  After the frisk, the officer placed the plaintiff in handcuffs, ignored his complaint that the cuffs were too tight, and escorted him to a patrol car.  Jennejahn, 575 F. Supp. 2d at 476.

The court in Jennejahn noted that by conceding probable cause for the arrest, the plaintiff had "implicitly" conceded

that the officer "was authorized to use some degree of force or the threat thereof to effect that arrest." Id. In the instant case, Chandler makes no such concession, instead alleging that his arrest was entirely unjustified. Therein lies a critical distinction between the two cases, as Chandler may be able to argue that a comparable amount of force was unreasonable. See Robison v. Via, 821 F.2d 913, 924 (2d Cir. 1987) ("If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe."). For this reason, the Court will not dismiss Chandler's Fourth Amendment claim at this time.

As noted above, the State Defendants have proposed an alternative to dismissal in the form of an amended complaint. The suggested amendment would include additional factual allegations relating to Chandler's injuries and the reasons for his arrest. While these details may be necessary for subsequent determinations of law, they are not required as part of the complaint. The Supreme Court recently clarified that Fed. R. Civ. P. 8 "does not require 'detailed factual allegations.'" Ashcroft, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Instead, as discussed previously, the complaint need only state a claim that is plausible on its face. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. Chandler's factual depiction of Lora's alleged conduct meets this standard for Fourth Amendment purposes.

V.   Qualified Immunity

The defendants' final argument is that they are entitled to qualified immunity.  They also contend that the qualified immunity defense entitles them to a more definite statement of Chandler's claims.

The doctrine of qualified immunity would protect Lora if "(1) his conduct does not violate a clearly established constitutional right, or (2) it was 'objectively reasonable' for the officer to believe his conduct did not violate a clearly established constitutional right."  Hartline v. Gallo, 546 F.3d 95, 102 (2d Cir. 2008) (citations omitted).  The right under the Fourth Amendment to be free from excessive force is clearly established, see Posr v. Doherty, 944 F.2d 91, 95 (2d Cir. 1991) ("[t]he right of an individual not to be subjected to excessive force is well established"), so the Court must determine that "it was objectively reasonable for [Lora] to believe that" his treatment of Chandler did not violate that right.  Accepting the facts alleged in the complaint as true, the Court cannot conclude that a reasonable officer believe that Lora's conduct was constitutional.  Accordingly, at this early stage in the case, qualified immunity is not a valid defense.

As to the defendants' argument that additional facts are required, their citation to Crawford-El v. Britton, 523 U.S. 574, 598-99 (1998) is unpersuasive.  In Crawford-El, the Supreme Court discussed options available to district courts when the plaintiff's complaint raises questions as to a public official's state of mind.  523 U.S. at 597-99.  Those options included the possibility of requiring the plaintiff to provide specific, non-conclusory allegations about the defendant's motives.  Id. at 598.

Here, the State Defendants ask the Court to compel additional allegations with respect to "the extent of any claimed injuries . . . the charges brought and . . . the status of those charges."  As discussed above, they do not claim that Chandler has failed to set forth sufficient facts to support a plausible Fourth Amendment claim, or that his allegations are conclusory. With regard to Lora's state of mind, Chandler himself appears to be perplexed, and will likely make inquiries about that issue in the course of discovery.

Additional information about the events surrounding Chandler's arrest will likely be revealed as the case progresses. Those facts need not be pled in the complaint, however, notwithstanding the assertion of qualified immunity.  The motion to dismiss based upon qualified immunity is therefore DENIED.

<u>Conclusion</u>

For the reasons set forth above, the Sheriff Defendants' motion to dismiss (Paper 10) is GRANTED, and all claims against defendants Keith Clark and the Windham County Sheriff's Department are DISMISSED.

The State Defendants' motion to dismiss (Paper 7) is GRANTED in part and DENIED in part. Construing the complaint as raising a Fourth Amendment claim of excessive force, the motion to dismiss this claim against Lora in his individual capacity is DENIED. The motion is otherwise GRANTED, and all remaining claims for relief are DISMISSED.

The parties shall submit a proposed Discovery Schedule/Order pursuant to L.R. 26.1(b) on or before September 30, 2009.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of September, 2009.


/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge